**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-CV-_____

ERIN FASANO and RYAN FASANO,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant The Dollar Tree Stores, Inc., by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from El Paso County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.    INTRODUCTION

1. Plaintiffs Erin and Ryan Fasano ("Plaintiffs") initiated this lawsuit on February 28, 2019 against Defendant Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree"), in the District Court for the County of El Paso, State of Colorado, captioned *Erin Fasano and Ryan Fasano v. The Dollar Tree Stores, Inc.*, Civil Action No. 2019CV30518 and is now pending in that court (the "State Action"). *See* **Exhibit A,** Plaintiffs' Civil Cover Sheet; and **Exhibit B**, Plaintiffs' Complaint.

2. Plaintiffs allege that on April 2, 2017, Erin Fasano slipped and fell on a wet floor at Defendant's store located at 6346 S US Highway 85/87, Fountain, CO 80817. **Exhibit B**, ¶¶ 5–8.

3. Plaintiffs allege a Dollar Tree employee had just waxed and mopped the floor but failed to place a "wet floor" sign. **Exhibit B**, ¶¶ 8.

## II.   COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Defendant was served on April 9, 2019. *See* **Exhibit D,** Affidavit of Service.

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' Complaint and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiffs' counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

   **Exhibit A**   Civil Case Cover Sheet

   **Exhibit B**   Complaint

   **Exhibit C**   Summons

   **Exhibit D**   Affidavit of Service on Defendant

9. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

10.     Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11.     Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.     DIVERSITY JURISDICTION

12.     This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13.     There is complete diversity of citizenship between Plaintiffs and Defendant. Based on and relying upon the complaint, Plaintiffs are citizens of Georgia. **Exhibit B**, ¶ 2. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14.     Defendant is a citizen of Virginia. Defendant is a foreign corporation organized under the laws of the state of Virginia with a principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant has no parent corporation and no publicly held corporation owns ten percent or more of its stock. 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

15.     For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

## B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     While not waiving Defendant's right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000, exclusive of interest and costs. In their Complaint, Plaintiffs allege that Erin Fasano has sustained "permanent physical impairment," pain and suffering, emotional distress, past medical expenses, as well as future medical expenses. **Exhibit B**, ¶¶ 10.[1] Similarly, Plaintiffs allege that Ryan Fasano has suffered a loss of consortium as a result of his wife's injuries. **Exhibit B**, ¶¶ 11.

17.     Furthermore, in the Civil Cover Sheet for the Complaint filed in Denver County District Court, Plaintiffs state that they seek a monetary judgment over $100,000. **Exhibit A**.

18.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

19.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

---

[1] Defendant denies Plaintiffs' allegations regarding their alleged damages and injuries.

20. When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

21. Here, Plaintiffs admit that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of their Civil Case Cover Sheet. *See* **Exhibit A**. Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiffs to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

22. In the State Action, Plaintiffs' Counsel filed a Civil Case Cover Sheet in which Plaintiffs confirm that they seek "a monetary judgment over $100,000 . . . against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit A**.

23. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

24. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may property be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

25. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant The Dollar Tree Stores, Inc., respectfully requests that the action now pending in the Denver County District Court, Case No. 2019CV30518, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 18th day of April, 2019

                HALL & EVANS, LLC

                *s/ J. Ryan Johnson*
                J. Ryan Johnson
                Brian J. Urankar
                1001 17th Street, Suite 300
                Denver, CO  80202
                Phone:  (303) 628-3300
                Fax:  (303) 628-3368
                johnsonr@hallevans.com
                urankarb@hallevans.com
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 168h day of April, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF.  In addition, I hereby certify that I have served via electronic mail the foregoing document to the following non-CM/ECF participants:

Daniel B. Stageman, #14797
660 Southpointe Court, Suite 303
Colorado Springs, CO 80906
Telephone: (719)527-4790
FAX: (719)538-0352
E-mail: dan@stagemanlaw.com
*Attorney for Plaintiff*

*s/ April Barrett*
April Barrett, Legal Assistant